UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SOLLIE SEALS,**

    **Plaintiff,**

v.                                           Case No. 8:08-cv-586-T-30MSS

**CARPENTER CONTRACTORS OF
AMERICA, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant, Carpenter Contractors of America, Inc.'s Motion to Dismiss Complaint and/or Alternatively For a More Definite Statement and Incorporated Memorandum of Law (Dkt. 4), and Plaintiff's Response in opposition to the same (Dkt. 5). The Court, having reviewed the motion, response, and supporting memoranda, and being otherwise fully advised in the premises, determines the motion should be denied.

### Background

Plaintiff was an hourly paid employee performing construction work within the last three years for Defendant Carpenter Contractors of America, Inc. ("Defendant"). In his Complaint, Plaintiff alleges Defendant failed to comply with the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), by failing to pay him, along with those similarly situated to him, time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week. Defendant argues Plaintiff has failed to allege sufficient facts to support his claim.

**Discussion**

**I.      Motion to Dismiss Standard Under 12(b)(6)**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007).  The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low.  *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

**II.     Legal Analysis**

Defendant argues Plaintiff has failed to allege sufficient facts to support the claim that he and the other employees are victims of a common policy, scheme, or plan that violated the law.  To bring a collective suit under the FLSA, a named representative need only show that he or she is "similary situated" to the putative class members.  Bean v. Fulton County School System, 2008 WL 515007, at *4 (N.D.Ga. Feb. 22, 2008) (citing Grayson v. K Mart

Corp., 79 F.3d 1086, 1096 (11th Cir. 1996)). This requirement is less stringent than that for joinder under Rule 20(a), separate trials under Rule 42(b), or Rule 23(b)(3) common question 'predominate' standard. Grayson, 79 F.3d at 1096. It only requires a plaintiff to show other employees' positions are similar and not identical. Id. Furthermore, a unified common policy, plan or scheme of discrimination may not be required to satisfy the more liberal "similarly situated" requirement. Id. at 1095. Plaintiff has alleged sufficient facts to meet this requirement. Moreover, once the parties have complied with the Court's May, 2, 2008 FLSA Scheduling Order, Defendant should have sufficient facts to defend this action.

It is therefore ORDERED AND ADJUDGED that Defendant, Carpenter Contractors of America, Inc.'s, Motion to Dismiss and Motion for More Definite Statement and Incorporated Memorandum of Law (Dkt. 4) is **DENIED.**

**DONE** and **ORDERED** in Tampa, Florida on May 30, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-586.mtd.frm